UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAM BANK S.A.<br>Al-Najmeh Square<br>P.O Box 33979<br>Damascus, Syria<br><br>         Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE TREASURY,<br>1500 Pennsylvania Avenue, NW<br>Washington, D.C. 20220<br><br>         Defendant. | Civil Action No. |

## COMPLAINT

1.     Plaintiff Cham Bank S.A. ("Cham Bank," the "Bank," or "Plaintiff"), brings this action against Defendant United States Department of the Treasury (the "Department") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

2.     On December 20, 2017 and January 9, 2018, Plaintiff properly submitted to the Department two letters collectively containing requests for eight targeted categories of agency records in accordance with FOIA and applicable department regulations.

3.     The Department's statutory deadline for making a determination concerning each request expired years ago. However, the Department has neither produced documents in response to the FOIA requests nor made a determination as to any of these eight requests. The Department's failure to act on Plaintiff's requests violates FOIA and the Department's regulations.

4.     More than a decade ago, the President directed federal agencies to adopt a "presumption in favor of disclosure" and to respond to FOIA requests "promptly and in a spirit of

cooperation," so that "openness prevails." FOIA Pres. Mem., 74 Fed. Reg. 4683, 4683 (Jan. 21, 2009). The Department has thus far disregarded this directive.

5. Plaintiff has constructively exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and now seeks judicial relief compelling the Department to promptly search for and produce the requested records, and enjoining any further improper withholding.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201(a), and 2202.

7. Venue lies in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

8. Plaintiff Cham Bank is a privately owned bank headquartered in Damascus, Syria. Plaintiff's counsel submitted each of the FOIA requests identified in this Complaint.

9. Defendant Department is an "agency" of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Department is believed to have possession, custody, and control of records responsive to Plaintiff's requests.

## FACTUAL ALLEGATIONS

**I. Background.**

10. Cham Bank is a privately owned Syrian bank established in 2006. The Bank has twelve branches and provides a variety of services to individual and business customers. For individual customers, the Bank offers checking, savings, and investment accounts and financing for the purchase of cars, household items, and materials for home construction and renovation, as well as mortgages, rent-to-own financing, and lease services. For business customers, the Bank provides several types of accounts, as well as short and mid-term financing services for small and

medium-size enterprises.  For both individual and corporate clients, the Bank offers safe deposit boxes, SMS banking, and ATM services.

11.     The Department's Office of Foreign Assets Control ("OFAC") added Cham Bank to the Specially Designated Nationals And Blocked Persons ("SDN") List on May 16, 2017, ostensibly for "acting or purporting to act for or on behalf of, directly or indirectly, and materially assisting, sponsoring, or providing financial, material, or technological support for, or goods or services in support of the Government of Syria."[1]  The designation took the Bank by surprise because, to its knowledge, it had never acted on behalf of, or to support, the Government of Syria.  Furthermore, Cham Bank has never been involved in political activities, whether with the Syrian government or otherwise, and it has never been involved in public corruption of any kind.  Neither Cham Bank's Board nor its management has ever considered, discussed, or approved any activity involving or furthering political activity in support of the Syrian regime.

12.     In an effort to gain some insight into the basis of the Bank's designation, Plaintiff's counsel submitted two FOIA requests to the Department for agency records pertaining to Cham Bank's designation, on December 20, 2017, and January 9, 2018, respectively.  As discussed more fully below, each request "reasonably describes" the records Plaintiff seeks, 5 U.S.C. § 552(a)(3)(A)(i), and, to the extent possible, specifies documents, authors, dates, and corroborating information establishing the existence of the requested records.

13.     Since then, Cham Bank's counsel has submitted to the Department several follow-up inquiries concerning the status of the FOIA requests, as outlined below.  To date, Cham Bank has received no substantive response to these FOIA requests.

---

[1] Press Release, U.S. Dep't of Treasury, Treasury Sanctions Additional Individuals and Entities in Response to Continuing Violent Attacks on Syrian Citizens by the Syrian Government (May 16, 2017), https://home.treasury.gov/news/press-release/sm0087.

## II. Plaintiff Properly Submitted Two FOIA Requests for Department Records.

14. On December 20, 2017, Plaintiff properly submitted a request for agency records via the Department's FOIA e-mail address (TreasFOIA@treasury.gov). Specifically, Plaintiff requested that the Department produce "a redacted copy of the administrative record, in whole or in part, related to the designation of CHAM ISLAMIC BANK (a.k.a. AL-CHAM ISLAMIC BANK; a.k.a. CHAM BANK)." Dec. 20, 2017 FOIA Request (attached as **Exhibit 1**).

15. The Department confirmed receipt of the request on December 20, 2017 via auto-reply email. No further communications regarding this request were received, and Plaintiff was uncertain whether the Department had issued a FOIA identification number for that request.

16. Separately, on January 9, 2018, Plaintiff properly submitted a request for additional records regarding the Bank's designation via the Department's FOIA e-mail address (TreasFOIA@treasury.gov). Plaintiff made detailed requests for the following records:

> [A]ll records in the possession of the Department of the Treasury, including but not limited to the Office of Foreign Assets Control ("OFAC") . . . that relate in whole or in part to:
> 1) CHAM ISLAMIC BANK; AL-CHAM ISLAMIC BANK; or CHAM BANK, designated to OFAC's SDN List on May 16, 2017 (hereinafter "CHAM");
> 2) Any actual, perceived, or potential relationship, connection, interaction, or transaction between or among CHAM and any other entity, individual, or other party currently or previously designated on the SDN List;
> 3) Any actual, perceived, or potential relationship, connection, interaction, or transaction between or among CHAM and any other entity, individual, or other party deemed or alleged to be the Government of Syria;
> 4) A determination or allegation that CHAM is or was acting or purporting to act for or on behalf of, directly or indirectly, and/or materially assisting, sponsoring, or providing financial, material, or technological support for, and/or goods or services in support of, the Government of Syria;
> 5) Any funds transfers by or to any of the entities, individuals, or parties encompassed in items (1), (2), (3), or (4) above;
> 6) Any transactions in which any of the entities, individuals, or parties encompassed in items (1), (2), (3), or (4) above may have been involved; or
> 7) Any other documents or records relevant to the Department of the Treasury's decision to designate CHAM to the SDN List.

Jan. 9, 2018 FOIA Request (attached as **Exhibit 2**).

17. The Department confirmed receipt of the second request on January 9, 2018 via auto-reply email.

18. On January 11, 2018, the Department sent Plaintiff's counsel a letter confirming that the January 2018 FOIA request had been assigned to OFAC, which would "contact [Plaintiff's counsel] directly concerning [the] request." The letter also assigned the request an identification number: 2018-01-070.

### III. The Department Failed to Make Determinations within FOIA's Time Limits, and Plaintiff Has Constructively Exhausted Administrative Remedies.

#### A. The Department Violated FOIA's Time Limits and Search Requirements.

19. Nearly three years later, the Department has still failed to provide any determination or substantive response to Plaintiff's FOIA requests as required under the FOIA.

20. On October 8, 2018, far more than twenty working days after the delivery of Plaintiff's FOIA requests, Plaintiff submitted, without having received any further responses regarding these FOIA requests, a request seeking reconsideration under 31 C.F.R. § 501.807 of the Bank's designation as a SDN. OFAC confirmed receipt of the reconsideration request and assigned a case ID (SY-14963). Plaintiff, which had been waiting for more than ten months for a substantive response to its FOIA requests, was compelled to submit its reconsideration request to OFAC without the benefit of any information concerning the administrative record created to support its designation.

21. OFAC's failure to provide a FOIA response prejudiced Plaintiff by withholding information concerning the basis for its designation, and thereby forcing it to predicate its reconsideration request on assumptions.

22. On November 7, 2018, Plaintiff sent the Department a follow-up letter regarding FOIA Request 2018-01-070, outlining the many ways in which OFAC's failure to produce records regarding the Bank's SDN designation had prejudiced Cham Bank and violated the FOIA. Plaintiff asked that the Department immediately respond to its FOIA requests and requested a prompt meeting with OFAC to discuss the matter.

23. On November 29, 2018, Plaintiff's counsel and the Department (Marshall Fields, Assistant Director, Information Disclosure and Records Management, Office of Sanctions Support and Operations, OFAC) participated in a telephone call regarding Plaintiff's FOIA requests. During this call, Plaintiff's counsel reiterated arguments presented in Plaintiff's November 7, 2018 correspondence and emphasized the importance of the Department taking swift action to respond to the FOIA requests. The Department indicated that it had completed the search phase of processing the FOIA requests and initiated the "consultation stage" of the FOIA response process for authorization to release documents that originated in other federal agencies. The Department also revealed that it had pressed the OFAC Office of Global Targeting, which was leading the analysis of Plaintiff's reconsideration request, to disclose the "evidentiary package" underlying the designation. The Department followed up on November 30, 2018, with a "recap" of the conference call.

24. Plaintiff's counsel contacted OFAC's Office of Global Targeting on November 29, 2018 via email and voicemail. The Office of Global Targeting responded via November 30, 2018 email, stating: "With regard to your FOIA request, Case 2018-01-070, which is separate and distinct from the delisting process, OFAC is in the consultation phase of this request. For further information regarding the status of Case 2018-01-070, please contact the FOIA office." Plaintiff received no further updates from the Department's FOIA Office, however.

25. On February 12, 2019, Plaintiff's counsel sent the Department's Office of Global Targeting an email to follow up regarding the reconsideration request as well as the FOIA requests, demanding prompt action and requesting a meeting. OFAC confirmed receipt on the same date via auto-reply email.

26. Plaintiff's counsel followed up with OFAC's FOIA office via voicemail and email on March 8, 2019, reiterating the urgent need for a substantive response to Plaintiff's FOIA requests. In response, Mr. Fields from the OFAC FOIA Office confirmed via voicemail that the Department was "still in the consultation phase of processing your request," and that he "cannot not tell [Plaintiff] how long that will take."

27. Nearly three years later, the Department still has never provided any determination or substantive response to Plaintiff's FOIA requests as required under the FOIA.

28. Under the FOIA, an agency must process and make a "determination" on a FOIA request within twenty working days of receiving the request (or thirty working days should an agency provide a written notice within the twenty-day working period setting forth any "unusual circumstances"[2] for such extension). 5 U.S.C. §§ 552(a)(6)(A)(i), (viii). Under the statute, the agency must, at a minimum: "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for

---

[2] As defined in FOIA, "unusual circumstances" means:

> (I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or (III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein.

5 U.S.C. § 552(a)(6)(B)(iii).

withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

29. While FOIA provides that under "unusual circumstances" an agency may extend the twenty-day period to respond by an additional ten working days, according to the Department's own FOIA regulations, in order to claim such extension the Department was required to provide Plaintiff with written notification "of the unusual circumstances involved and of the date by which processing of the request can be expected to be completed," "**before expiration of the twenty-day period to respond**." 31 CFR § 1.4(c) (emphasis added).

30. Upon information and belief, Plaintiff's FOIA requests were received on December 20, 2017, and January 9, 2018, respectively, when they were delivered to the Department's FOIA email address. The January 2018 FOIA request was received, at the very latest, on January 11, 2018, when the Department confirmed that the request had been assigned to OFAC and assigned an identification number.

31. The Department did not request an extension within the twenty-working-day period for either of the requests, so under the statute, the Department was required to make a determination within twenty working days after the receipt of the above referenced requests. 5 U.S.C. §§ 552(a)(6)(A)(i), (viii); 31 CFR § 1.4(c).

32. Even had the Department made a timely request for an extension on either of these requests, the Department would have been required to provide a determination at the latest by thirty working days after receiving the requests, which it did not do. Additionally, the Department failed to specify the expected date it would be able to make its determination, as required by 5 U.S.C. § 552(a)(6)(B)(i) (allowing an extension only if the Department provides "written notice .

. . setting forth the unusual circumstances . . . *and* the date on which a determination is expected to be dispatched"). *See also* 31 C.F.R. § 1.4(c) ("Whenever the statutory time limits for processing a request cannot be met because of 'unusual circumstances,' as defined in the FOIA, and the component extends the time limits on that basis, the component shall, before expiration of the twenty-day period to respond, notify the requester in writing of the unusual circumstances involved and of the date by which processing of the request can be expected to be completed. Where the extension exceeds ten working days, the component shall, as described by the FOIA, provide the requester with an opportunity to modify the request or agree to an alternative time period for processing.").

33. In the nearly three years since the requests were submitted, the Department, in violation of the FOIA, has wholly failed to respond to Plaintiff's FOIA requests. The Department did not provide a response within twenty days of receipt of the requests as required by 5 U.S.C. § 552(a)(6)(A)(i).

34. The Department did not notify the Bank of any "unusual circumstances" that would necessitate additional time, which in any event could not exceed "more than ten working days." 5 U.S.C. § 552(a)(6)(B)(i); *see also Citizens for Responsibility*, 711 F.3d at 184 ("In 'unusual circumstances,' an agency may extend the time limit to up to 30 working days by written notice to the requester.").

35. Nor did the Department notify Plaintiff that its "request cannot be processed within the [statutorily prescribed] time limit" or give it "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii); *see also Citizens for Responsibility*, 711 F.3d at 186 ("[W]ithin the relevant

time period, the agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions.").

36. The Department has never asserted that Plaintiff's request failed to reasonably describe the records sought or were improper or deficient in any manner. Nor has the Department's FOIA office ever requested any additional information from Plaintiff.[3] Instead, the Department has failed to respond substantively at all to Plaintiff's requests and repeated correspondence, only responding to inform Plaintiff that the request remained in the "consultation phase," without any expected timeframe for completion.

37. As no determinations were made for either request within any of the permissible time periods, the Department is in violation of its statutory obligations under FOIA.

38. The Court should therefore compel the Department to expeditiously complete adequate searches, make determinations, and produce responsive, non-exempt documents.

### B. Plaintiff Has Constructively Exhausted Administrative Remedies.

39. For both requests, the Department has not stated which documents will be produced or withheld, provided reasons for any withholding, or informed Plaintiff of appellate rights. *See* 5 U.S.C. §§ 552(a)(6)(A)(i); *see also* 31 C.F.R. § 1.4(h) ("A component making an adverse

---

[3] Separate and apart from the FOIA requests, the Bank did respond to questionnaires from OFAC's separate Office of Global Targeting pertaining to the Bank's reconsideration request, and the Office of Global Targeting ultimately produced twenty-nine pages of a heavily redacted administrative record. This extremely limited production, however, was made by *OFAC Reconsideration* in response to the separate request to OFAC's Office of Global Targeting; it was *not* produced by OFAC's FOIA Office in response to the FOIA requests, nor was any notification of adverse determination provided under the FOIA. As the Office of Global Targeting itself confirmed via email on November 30, 2018, moreover, Plaintiff's FOIA requests were "separate and distinct from the delisting process," and the Department has never provided any substantive response to these requests.

determination denying a request in any respect shall notify the requester of that determination in writing.  Adverse determinations, or denials of requests, include decisions that: The requested record is exempt, in whole or in part; the request does not reasonably describe the records sought; the information requested is not a record subject to the FOIA; the requested record does not exist, cannot be located, or has been destroyed; or the requested record is not readily reproducible in the form or format sought by the requester.  Adverse determinations also include denials involving fees or fee waiver matters, and denials of requests for expedited processing.").

40. The Department has only informed Plaintiff that the January 9, 2018 FOIA request (2018-01-070) remained in the "consultation phase," without any expected timeframe for completion.  No updates have been provided regarding the December 20, 2017 FOIA request.  The Department has thus not made a determination.  *See Spannaus v. DOJ*, 824 F.2d 52, 59 n. 7 (D.C. Cir. 1987); *Citizens for Responsibility*, 711 F.3d at 186 ("The statute requires that, within the relevant time period, an agency must determine whether . . . a requester will receive all the documents the requester seeks.  It is not enough that, within the relevant time period, the agency simply decide to later decide.  Therefore, within the relevant time period, the agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions.").

41. The time limits under FOIA and Department regulations have long expired for each request at issue.  5 U.S.C. §§ 552(a)(6)(A)(i), (B)(i).

42. Where, as here, an agency fails to make and communicate a determination within twenty working days of receiving a FOIA request, the requester "is deemed to have exhausted its administrative appeal remedies under [§] 552(a)(6)(C)(i), and its suit may proceed." *Citizens for Responsibility*, 711 F.3d at 190.

43. As such, Plaintiff is therefore "deemed to have exhausted [] administrative remedies" with respect to the foregoing FOIA violations, and the FOIA statute authorizes Plaintiff to bring suit in this District to compel prompt production and enjoin continued wrongful withholding of records responsive to Plaintiff's requests. *See* 5 U.S.C. § 552(a)(6)(C)(i).

44. On September 14, 2021, OFAC denied Plaintiff's request for reconsideration of its SDN designation based on "all available information." As is evident from OFAC's failure to respond to Plaintiff's FOIA requests, "all available information" had not been previously disclosed to Cham Bank, but on information and belief includes information sought by Cham Bank's FOIA requests. OFAC further advised Plaintiff that, "[i]f, in the future, you decide to pursue the reconsideration process again, you need to submit a new request, and <u>provide OFAC with new evidence</u>" (emphasis added). Such "new evidence" would include the information sought by Plaintiff's FOIA requests.

## CLAIMS FOR RELIEF

### COUNT ONE:  Failure to Comply with FOIA

45. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46. Plaintiff properly requested records within the possession, custody, and control of the Department.

47. The Department is an "agency" subject to FOIA.

48. The Department was required under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to Plaintiff's FOIA requests.

49. The time under 5 U.S.C. § 552(a)(6) for the Department to conduct such a search and to make a determination as to each of Plaintiff's FOIA requests, informing Plaintiff which documents the Department intends to produce and withhold, and the reasons for withholding any documents, has expired.

50. The Department has wrongfully failed to make and communicate to Plaintiff a determination as to each of Plaintiff's FOIA requests.

51. Pursuant to 5 U.S.C. § 552(a)(3)(A), the Department was required to promptly produce all responsive records that are subject to disclosure under FOIA.

52. The Department has wrongfully failed to make such a production for any of Plaintiff's FOIA requests.

53. Plaintiff has exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

54. Plaintiff is entitled to an order compelling the Department to conduct reasonable searches sufficient to locate responsive records and to expeditiously produce all responsive records, subject to withholdings agreed to by the parties or approved by the Court.

55. To facilitate determination of the validity of any withholdings based on FOIA exemptions the Department may ultimately assert, Plaintiff seeks an order compelling the Department to produce indexes justifying redactions to or withholding of responsive records.

**COUNT TWO: Declaration Precluding Assessment of Fees**

56. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

57. The Department has failed to comply with time limits under 5 U.S.C. § 552(a)(6).

58. The Department failed to provide timely written notice to Plaintiff of any unusual circumstances.

59. The Department has not discussed or attempted to discuss with Plaintiff how or whether Plaintiff could limit the scope of any of Plaintiff's FOIA requests.

60. No court has determined that exceptional circumstances exist.

61. Accordingly, Plaintiff is entitled to a declaration that the Department may not assess any search fees associated with any of Plaintiff's FOIA requests, pursuant to 5 U.S.C. § 552(a)(4)(A)(viii) and 28 U.S.C. § 2201(a).

## PRAYER FOR RELIEF

62. Plaintiff requests that the Court:

    a. Order the Department to expeditiously conduct a reasonable search for all records responsive to Plaintiff's FOIA requests, to the extent such a search has not already been conducted, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of responsive records;

    b. Order the Department to produce within twenty days or such other time as the Court deems proper all records responsive to Plaintiff's FOIA requests that are subject to disclosure under FOIA, as agreed to by the parties or determined by the Court, and indexes justifying any withholdings or redactions;

    c. Declare that the Department failed to comply with the time limits under 5 U.S.C. § 552(a)(6) and that search fees therefore may not be assessed under § 552(a)(4)(A)(viii) with respect to any of Plaintiff's FOIA requests;

    d. Award Plaintiff attorney's fees and costs incurred in relation to this case, pursuant to 5 U.S.C. § 552(a)(4)(E); and

    e. Grant Plaintiff any other relief the Court deems just and proper.

Dated:  February 9, 2022                           Respectfully submitted,

- 15 -

*/s/ Gassan A. Baloul*
Gassan A. Baloul (D.C. Bar No. 1034245)
Mitchell R. Berger (D.C. Bar No. 385467)
Amy Brown Doolittle (D.C. Bar No. 451090)
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
gassan.baloul@squirepb.com
mitchell.berger@squirepb.com
amy.doolittle@squirepb.com

*Counsel for Plaintiff*